UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY ALLEN JONES,

       Plaintiff,

v.                           Case No:  2:26-cv-194-JES-NPM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Timothy Allen Jones's Complaint. (Doc. 1). Jones is a prisoner of the Florida Department of Corrections. He seeks to compel the Social Security Administration (SSA) to (1) provide him with "documentation" that he is disabled and (2) pay him "over 30 grand" in disability benefits that allegedly accrued before his incarceration. (Id. at 5-7). United States Magistrate Judge Nicholas Mizell granted Jones leave to proceed in forma pauperis, so the Court must review the Complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. See 28 U.S.C. § 1915(e)(2).

Jones alleges that he became "100% disabled" in September 2006 as the result of a car accident. (Doc. 1 at 5). After the accident, he successfully applied for Social Security Disability Income (SSDI). (Id.) Jones received his benefits through a

Direct Express Card, which the SSA uses to issue payment to those without bank accounts. (Id.) At some point, Jones was the victim of identity theft. (Id.) The perpetrator used Jones's identity to order a replacement Direct Express Card. (Id.) After learning of the fraud, the SSA "stopped" payments to both cards. (Id.)

Jones's benefits continued to accrue until he became incarcerated in October 2022, but he never received them. (Id. at 5-6). Jones estimates that he is entitled to "over" $30,000 in lost benefits. (Id. at 6). He alleges that he wrote "letters" to the SSA seeking payment of the "uncollected" benefits, but the SSA did not respond. (Id.) Thus, Jones seeks to compel the SSA to pay him the benefits he is allegedly owed. (Id. at 7).

Jones also seeks to compel the SSA to provide him with "documentation" establishing that he is disabled. (Id. at 5). One month after filing this action, however, Jones submitted copies of grievances in which he informed prison officials that he "finally . . . got proof from Social Security disability and now I have documentation I'm 100% disabled." (Doc. 4-1 at 9, 14). In support, Jones attached a "Disability Determination Explanation" showing that the SSA determined he was disabled in August 2007. (Id. at 13).

After careful review, the Court concludes that the Complaint must be dismissed without prejudice. First, Jones seeks payment of "uncollected" SSDI benefits, but he fails to allege that he

2

exhausted his administrative remedies. 42 U.S.C. § 405(g) "provides the exclusive jurisdictional basis for cases arising under the Social Security Act." Erickson v. Comm'r of Soc. Sec., 431 F. App'x 809, 811 (11th Cir. 2011). "To obtain review in federal court under [§] 405(g), a Social Security claimant must have (1) presented a claim for benefits to the Commissioner and (2) exhausted administrative remedies." Micklas v. Doe, 450 F. App'x 856, 857 (11th Cir. 2012). To meet the latter requirement, a claimant must "proceed[] through all three stages of the administrative appeals process," including de novo reconsideration by the SSA of its initial determination, a hearing before an Administrative Law Judge, and discretionary review by the Appeals Council. Bowen v. City of New York, 476 U.S. 467, 471-72, 482 (1986). "It is appropriate for a district court to dismiss a complaint without prejudice when the claimant did not appropriately exhaust his administrative remedies." Chapel v. Soc. Sec. Admin., Comm'r, No. 24-11483, 2025 WL 1638846, at *1 (11th Cir. June 10, 2025).

Jones fails to show that he exhausted his administrative remedies. He claims that he sent "letters" to the SSA seeking payment of the "uncollected" benefits. (Doc. 1 at 6). But there is no indication that Jones received an initial determination of his entitlement to the lost benefits. Moreover, Jones does not allege that he has taken any of the steps in the SSA's

3

administrative review process, much less exhausted them.  Jones's "status as a <u>pro se</u> litigant does not exempt [him] from the requirement that [he] plead exhaustion of administrative remedies before obtaining judicial review."  <u>Cruzado v. Comm'r of Soc. Sec. Admin.</u>, No. 22-22583-CV, 2022 WL 10169761, at *3 (S.D. Fla. Sept. 29, 2022), <u>adopted by</u> 2022 WL 10070360 (S.D. Fla. Oct. 17, 2022).  Therefore, Jones's claim for lost benefits must be dismissed without prejudice.

Second, Jones seeks "documentation" establishing that he is disabled, but it appears that this request is moot.  A moot claim "is nonjusticiable and Article III courts lack jurisdiction to entertain it."  <u>Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.</u>, 382 F.3d 1276, 1281 (11th Cir. 2004).  "A cause of action becomes moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  <u>Djadju v. Vega</u>, 32 F.4th 1102, 1106 (11th Cir. 2022) (citation omitted).  "An agency's production of records . . . moots a claim . . . for wrongful denial of access to records, even if it produced the records after the plaintiff filed a lawsuit in federal court."  <u>Fleischman v. Comm'r of Soc. Sec.</u>, No. 3:15-cv-897-PDB, 2016 WL 7474577, at *3 n.10 (M.D. Fla. Dec. 29, 2016).

Shortly after filing this lawsuit, Jones informed prison officials that he "finally . . . got proof from Social Security disability and now I have documentation I'm 100% disabled."  (Doc.

4

4-1 at 9, 14).  To support this assertion, Jones attached a "Disability Determination Explanation" showing that the SSA determined he was disabled in August 2007.  (Id. at 13).  Because Jones apparently received the documentation he sought from the SSA, his claim for production of records appears to be moot.  See Brown v. U.S. Dep't of Just., 169 F. App'x 537, 540 (11th Cir. 2006) (holding that request for documents was "moot" because plaintiff "received the documents"); Vasquez v. Barr, No. 1:18-cv-3213-CC, 2020 WL 13544298, at *4-5 (N.D. Ga. Apr. 3, 2020) ("Once a federal agency has processed the requested records and made arrangements for the requester to review them, the requester's motion regarding the release of documents is moot.").

For these reasons, the Court dismisses the Complaint without prejudice and grants Jones leave to amend.  If he wishes to pursue his claim for lost SSDI benefits, Jones must allege facts showing that he has properly exhausted all administrative remedies.  If he wishes to pursue his claim for the production of documents, Jones must allege facts showing that the claim presents "a live controversy with respect to which the court can give meaningful relief."  Djadju, 32 F.4th at 1106.  An amended complaint also must comply with the Federal Rules of Civil Procedure, particularly Rules 8 and 10.  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  And Rule 10 requires a party to "state its claims or defenses in

numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Accordingly, it is

**ORDERED:**

1. Jones's Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. Jones may file an amended complaint by **July 15, 2026. Otherwise, the Court will close this case without further notice.**

3. The Clerk is **DIRECTED** to mail Jones a civil rights complaint form bearing the above-captioned case number and the title "Amended Complaint."

**DONE AND ORDERED** in Fort Myers, Florida on this ___16th___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: TpaP-2
Copies: All Parties of Record

6